UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

A<small>GNIESZKA</small> M<small>AGDALENA</small> Z<small>AGAJA</small>,

    Plaintiff,

v.

C<small>OMMISSIONER OF</small> S<small>OCIAL</small> S<small>ECURITY</small>,

    Defendant.

_____/

Case No. 20-12203

S<small>ENIOR</small> U.S. D<small>ISTRICT</small> J<small>UDGE</small>
A<small>RTHUR</small> J. T<small>ARNOW</small>

U.S. M<small>AGISTRATE</small> J<small>UDGE</small>
D<small>AVID</small> R. G<small>RAND</small>

**O<small>RDER</small> O<small>VERRULING</small> P<small>LAINTIFF'S</small> O<small>BJECTION</small> [24], A<small>DOPTING</small> R<small>EPORT AND</small> R<small>ECOMMENDATION</small> [23], G<small>RANTING</small> D<small>EFENDANT'S</small> M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small> [21], D<small>ENYING</small> P<small>LAINTIFF'S</small> M<small>OTION FOR</small> S<small>UMMARY</small> J<small>UDGMENT</small> [17], <small>AND</small> A<small>FFIRMING</small> ALJ'<small>S</small> D<small>ECISION</small>**

Plaintiff, Agnieszka Magdalena Zagaja, brings this action under 42 U.S.C. § 405(g) to challenge the final decision of Defendant, Commission of Social Security, denying her Disability Insurance Benefits ("DIB") under the Social Security Act (the "Act"). The case was referred to the Magistrate Judge for determination of all non-dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(A) and issuance of a Report and Recommendation ("R&R") pursuant to 28 U.S.C. § 636(b)(1)(B). (ECF No. 3).

Plaintiff and Defendant moved for summary judgment on April 20, 2021, and July 16, 2021, respectively. (ECF No. 17; ECF No. 21). On September 30, 2021, the

1

Magistrate Judge issued an R&R recommending that Defendant's Motion for Summary Judgment [21] be granted, Plaintiff's Motion for Summary Judgment [17] be denied, and the decision of the Administrative Law Judge ("ALJ") be affirmed. (ECF No. 23, PageID.1466-67). Plaintiff objected to the R&R on October 14, 2021. (ECF No. 24). Defendant responded on October 25, 2021. (ECF No. 25).

For the reasons set forth below, the Court will **OVERRULE** Plaintiff's Objection [24], **ADOPT** the R&R [23], **GRANT** Defendant's Motion for Summary Judgment [21], **DENY** Plaintiff's Motion for Summary Judgment [17], and **AFFIRM** the ALJ's decision.

## BACKGROUND

### I. Procedural History

The Magistrate Judge described Plaintiff's background and the procedural history of her case as follows:

> [Zagaja] stopped working on September 28, 2016, [at the age of thirty-six,] when she underwent surgery to repair a broken clavicle after suffering injuries in an ATV accident on September 3, 2016. She now alleges disability primarily as a result of syncope, headaches, fibromyalgia, muscle spasms, fatigue, dizziness, depression, and anxiety.
>
> After Zagaja's application for DIB was denied at the initial level on April 26, 2017, she timely requested an administrative hearing, which was held on July 26, 2018, before ALJ Timothy Scallen. Zagaja, who was represented by attorney Rufus Sadowski, testified at that hearing, as did vocational expert ("VE") Judith Findora. At the close of that

> hearing, the ALJ determined that he wanted to obtain additional medical information; thus, after he did so, ALJ Scallen held a second administrative hearing on June 20, 2019. At that hearing, Zagaja – represented by non-attorney representative Dannelly Smith – again testified, as did medical expert ("ME") James Washburn, D.O. and VE Scott Silver. On September 26, 2019, the ALJ issued a written decision finding that Zagaja is not disabled under the Act. (ECF No. 12-2, PageID.68-85). On June 11, 2020, the Appeals Council denied review. Zagaja timely filed for judicial review of the final decision on August 17, 2020.

(ECF No. 23, PageID.1467-68) (citations omitted).

## II. The ALJ's Application of the Disability Framework

Using the familiar five-step sequential analysis, *see* 20 C.F.R. § 404.1520(a), the ALJ determined that Plaintiff was not disabled under the meaning of the Act. As recounted by the Magistrate Judge:

> At Step One, the ALJ found that Zagaja has not engaged in substantial gainful activity since September 28, 2016 . . . . At Step Two, the ALJ found that she has [several] severe impairments . . . . At Step Three, the ALJ found that Zagaja's impairments, whether considered alone or in combination, do not meet or medically equal a listed impairment.
>
> The ALJ then assessed Zagaja's residual functional capacity ("RFC"), concluding that she is capable of performing sedentary work, [albeit] with . . . [certain] limitations . . . .
>
> At Step Four, the ALJ found that Zagaja is not capable of performing any of her past relevant work. At Step Five, the ALJ determined, based in part on testimony provided by the VE in response to hypothetical questions, that Zagaja is capable of performing the jobs of stuffer (383,000 jobs nationally) and pin or clip fastener (232,000 jobs). As a result, the ALJ concluded that Zagaja is not disabled under the Act.

3

(*Id.* at 1469-70) (citations omitted).

## STANDARD OF REVIEW

The Court reviews "specific written objections" to a Magistrate Judge's Report and Recommendation on a dispositive motion *de novo. See* 28 U.S.C. §636(b)(1)(c). Vague, generalized objections are not entitled to *de novo* review. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). Similarly, an objection that simply disagrees with the Magistrate Judge's conclusion "without explaining the source of the error" is not a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## ANALYSIS

Plaintiff's Motion for Summary Judgment [17] raised a sole argument: that the ALJ "failed to properly weigh the opinion of [her] treating physician[,] Narayan Verma, M.D." (ECF No. 17, PageID.1419). The Magistrate Judge disagreed, and found that "[t]he ALJ reasonably discounted Dr. Verma's opinion based on a lack of supportability and consistency with the record." (ECF No. 23, PageID.1748-49).

4

Plaintiff's current Objection [24] makes the same argument a second time. She claims that "the Magistrate Judge's finding that the ALJ appropriately analyzed and considered Dr. Verma's opinion is invalid and contrary to the facts of the case." (ECF No. 24, PageID.1488). But as Defendant points out, this generalized "rehashing" of Plaintiff's Motion [17] "is not sufficient to alert the court to alleged errors on the part of the [M]agistrate [J]udge." (ECF No. 25, PageID.1494); *Aldrich*, 327 F. Supp. 2d at 747.

Indeed, "[t]he Court is not obligated to reassess the identical arguments presented before the Magistrate Judge with no identification of error in the Magistrate Judge's recommendation." *Pearson v. Comm'r of Soc. Sec.*, No. 2:15-cv-14031, 2017 U.S. Dist. LEXIS 48379, at *7 (E.D. Mich. Mar. 31, 2017); *see Mira*, 806 F.2d at 637. "[S]uch objections undermine the purpose of the Federal Magistrate's Act, 28 U.S.C. § 636, which serves to reduce duplicative work and conserve judicial resources." *Owens v. Comm'r of Soc. Sec.*, No. 1:12-CV-47, 2013 U.S. Dist. LEXIS 44411, at *8 (W.D. Mich. Mar. 28, 2013) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)). Thus, because Plaintiff fails to identify any specific error in the Magistrate Judge's reasoning and instead merely "reaffirms her argument that the ALJ did not properly weigh the

5

opinion of Dr. Verma in accordance [with] the regulations and caselaw," her Objection [24] will be **OVERRULED**. (ECF No. 24, PageID.1488-89).

Accordingly,

**IT IS ORDERED** that Plaintiff's Objection [24] is **OVERRULED**.

**IT IS FURTHER ORDERED** that the R&R [23] is **ADOPTED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [21] is **GRANTED** and Plaintiff's Motion for Summary Judgment [17] is **DENIED**.

**IT IS FURTHER ORDERED** that the ALJ's decision is **AFFIRMED**.

**SO ORDERED.**

s/Arthur J. Tarnow
Arthur J. Tarnow
Dated: November 9, 2021    Senior United States District Judge